## UNITED STATES v. BOSTON & M. R. R.
### No. 5725.

District Court, D. Massachusetts.
Dec. 21, 1937.

Francis J. W. Ford, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass.

Richard W. Hall, of the B. & Maine Law Department, Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action for the recovery of a penalty provided in 34 Statutes at Large 607, 45 U.S.C.A. §§ 71–74, for the failure of the defendant carrier to comply with the terms of the act providing for the unloading of sheep in transit for rest, water, and feed every 28 hours.

On December 9, 1932, at 4:45 p. m., the defendant received from another carrier at Mechanicville, N. Y., a consignment of 255 sheep confined in a double-decked freight car. At the time that the sheep were delivered to it, the defendant had knowledge that the sheep had not been unloaded for rest, water, and feed during the previous 23 hours and 15 minutes. The car containing the sheep left Mechanicville, N. Y., at 7:45 p. m. that day en route to Boston. The train had a scheduled running time of 9 hours and 30 minutes, but its actual running time varied between 8 hours and 15 minutes and 8 hours and 30 minutes. The unexhausted permissible period of confinement at that time was 9 hours and 45 minutes, the shipper having requested in writing an extension of the 28-hour confinement period to 36 hours. At the time that the sheep left Mechanicville, there was an ample period for the run to Boston so that the sheep might be unloaded within the statutory period.

When the train left North Adams, Mass., it was discovered that two drawbars used in the making up of the train had broken or had been pulled out, and this resulted in a delay at North Adams of two hours and twenty-five minutes while the drawbars were replaced or repaired.

When the train arrived at East Deerfield, Mass., the car containing the sheep was cut out and routed to Greenfield, Mass., where some facilities were provided for unloading the sheep. At 5:20 a. m. of December 10th, the lower deck of the car was unloaded for rest, water, and feed, and was reloaded at 10:20 a. m. At 11 a. m., the upper deck was unloaded. The sheep in the upper deck had therefore been confined in the upper deck of the car with the knowledge of the defendant railroad for more than 36 consecutive hours without unloading for rest, water, and feed; to wit, a total of 41 hours and 30 minutes.

The statute involved reads in part as follows:

Section 71. "No railroad * * * whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one State or Territory or the District of Columbia into or through another State or Territory * * * shall confine the same in cars * * * for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight: Provided, That upon the written request of the owner or person in custody of that particular shipment, * * * the time of confinement may be extended to thirty-six hours."

Section 73. "Any railroad * * * who knowingly and willfully fails to comply with the provisions of the * * * preceding sections shall for every such fail-

674

ure be liable for and forfeit and pay a penalty of not less than $100 nor more than $500."·

The statute exempts from its operation delay occurring through accidental or unavoidable causes which cannot be anticipated and avoided by the exercise of due diligence and foresight. The breaking of the drawbars, which caused the two-hour and twenty-five minute delay at North Adams, was such an accidental and unavoidable cause as comes within the terms of the statute. See Chicago, Burlington & Quincy R. R. Co. v. United States, 8 Cir., 194 F. 342.

While the burden of proving that the facts come within the excepted provisions of the statute is upon the defendant, I can find nothing to indicate that the breaking of the drawbars could have been anticipated or avoided by the exercise of due diligence and foresight. On the facts presented, I find that the breaking of the drawbars and the consequent delay was an unforeseen accidental cause which a reasonably prudent person, under like circumstances, would not anticipate. This accident served to turn aside the ordinary and natural flow of events, and wrought an unexpected delay of the train. There is no substantial evidence of willful violation of the law by the defendant.

I therefore find and rule that judgment should be entered for the defendant.

The plaintiff's requests for rulings are denied, except in so far as they are consistent with the above.